at special term to compel Mr. English, an attorney at law, to pay over to him, as such receiver, the amount of moneys which had been received by the attorney, namely, the sum of $1,769.10, which had been collected upon a policy of insurance held by Heath. A reference of the disputed questions of fact arising on the motion was made. The referee was directed to state the accounts between the parties, and report the same, together with his opinion as to the jurisdiction of the court to require the attorney, in this summary manner, to pay over to the receiver of Heath moneys which had been so collected. The referee states the accounts between the parties to be substantially as the special term afterwards determined them to be by the order appealed from, but reported that, in his opinion, the court had not the power, on a motion in the action in which the receiver was appointed, to compel the attorney to give up the moneys which had been voluntarily paid to him by his client. The referee held that the court ought not thus summarily to interfere.

In this respect, the report of the referee differs from the decision of the special term, where it was held that the court had jurisdiction and power to require, on a mere motion, the attorney to pay over to the receiver of his client's property moneys paid to him for professional services. No appeal has been taken from that part of the order of the special term by the attorney; hence no question as to the right or propriety of the court interfering summarily between attorney and client, when both parties appear to have been satisfied, can arise. The respondent, by not appealing, submits to that part of the order, being content, as his counsel asserts, to waive the question of jurisdiction, and being desirous of paying into court whatever moneys he has in his hands belonging to the judgment debtor. This decision, therefore, will not be regarded as a precedent, beyond the precise questions arising on the appeal.

There are, besides, some small errors made to the detriment of the respondent in the computation and in the adjustment of the accounts of the parties. The attorney is charged with the sum of $69.65 more than he should have been; but, inasmuch as no appeal has been taken by him, this error cannot be corrected. Indeed, it was distinctly waived by the learned counsel for the respondent at the argument. A perusal of the appeal papers shows satisfactorily that the charges of the attorney against his client, which have been allowed by the special term, (substantially following the report of the referee in this respect,) were for valuable services actually rendered, and were reasonable in amount. The order appealed from should be affirmed, but without costs. All concur.

---

HORN, Respondent, v. PRIOR et al., Appellants.

(Common Pleas of New York City and County, General Term. January 11, 1889.)

Appeal from Ninth district court. .

Argued before LARREMORE, C. J., and ALLEN and BOOKSTAVER, JJ.

Charles W. Dayton and William King Hall, for appellants. David B. Ogden, for respondent.

Order reversed, with costs, and restitution of the $750 rent paid ordered.

---

PEOPLE v. BUHLER.

(Common Pleas of New York City and County, General Term. April 1, 1889.)

No opinion. Application granted.

---

PARTRIDGE, Appellant, v. RUBIN, Respondent.

(Common Pleas of New York City and County, General Term. May 6, 1889.)

Appeal from Second district court.

Action by Josiah Partridge against Fanny Rubin. For decision on motion for reargument, see post, 957.

Argued before LARREMORE, C. J., and ALLEN and BOOKSTAVER, JJ.

*George Wilcox,* for appellant. *Goodhart, Phillips & Rosenburg,* for re-spondent.

No opinion. Judgment affirmed, with costs.

---

### LEDERER *v.* VEITH *et al.*

*(Common Pleas of New York City and County, General Term.　May 9, 1889.)*

Appeal from special term.

This is an appeal by defendants from an order vacting an order for the ex-amination before trial and before answer, of Gustav M. Miller and Richard Schramm, who are not parties to the action.

Argued before LARREMORE, C. J., and DALY and BOOKSTAVER, JJ.

*Townsend, Dyett & Einstein,* for appellants. *Black & King,* for respond-ent.

PER CURIAM. After consultation, we have reached the conclusion that this order was properly made, and it should be affirmed. We think third par-ties cannot be examined, and were not intended to be included within that provision of the Code which provides for the examination of parties before trial; but, if they can be examined, then the allegations contained in the affi-davits on which the order was obtained were not sufficient to warrant the order.

---

### COLWELL *v.* GARFIELD NAT. BANK.

*(Common Pleas of New York City and County, General Term.　June 3, 1889.)*

Appeal from special term.

For opinion at special term, see 4 N. Y. Supp. 5. Defendant, having ap-pealed, moves for a certificate on which it is proposed to prosecute a further appeal to the court of appeals, alleging that the questions involved are novel, and should have the construction of that court.

Argued before LARREMORE, C. J., and ALLEN and BOOKSTAVER, JJ.

*Lawrence & Waehner,* for appellant. *W. B. Ellison,* for respondent.

PER CURIAM. As it is desirable to have the right of the receiver to main-tain this action determined before the parties are put to the expense of a trial, the certificate asked for by the appellant will be granted.

---

### KILPATRICK *v.* DEAN *et al.*

*(Common Pleas of New York City and County, General Term.　June 3, 1889.)*

A judgment for plaintiff at a trial term of the city court was affirmed on appeal to the general term of that court. An appeal was then taken to the general term of this court, where the judgment was again affirmed. 4 N. Y. Supp. 708. Defendants now move for leave to appeal to the court of appeals.

*Blandy & Hatch,* for appellants. *Kelly & MacRae,* for respondent.

PER CURIAM. The questions involved in this case were fully examined by the general term, and the result is stated in its opinion. No reason appears why this case should be further litigated, as no new or important question of law is shown to exist. Any further delay in this case would be prejudicial, as the assignee is stayed from winding up his trust. We think the two opin-ions already pronounced dispose of every point in the case, and further argu-ment would be merely prolonging unnecessary delay. Motion denied.